IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| JIMMY FLOYD WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-430-JFA-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| MILDRED RIVERA, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Jimmy Floyd Wright ("Wright"), is an inmate at FCI-Estill serving a thirty-seven

year sentence imposed in the Middle District of Florida in 1987.  He filed a *pro se* petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241 on February 26, 2010, challenging the 2004 decision

of the United States Parole Commission ("USPC") revoking his parole.[1] Respondent, the Warden of

FCI-Estill, filed a "Motion to dismiss, or in the Alternative, for Summary Judgment" on August 12,

2010.  Because Wright is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975)  was entered by the Court on August 16, 2010, advising him of his responsibility to

respond to the motion. Wright filed his response on January 3, 2011.

### Background and Procedural History

The record provided by the parties reveals the following:

_____

[1]This case was automatically referred to the undersigned pursuant to Local Rule
73.02(B)(2)(c) and (e) (D.S.C).

1.  On August 28, 1986, Wright participated in a bank robbery in Jacksonville, Florida. (Res.Mem., Ex. C).

2.  On February 26, 1987, Wright and another robbed a savings and loan institution in Jacksonville, Florida. (*Id.*).

3.  On August 14, 1987, Wright was sentenced to a total of thirty-five years imprisonment for his involvement in the two robberies plus two years consecutive for criminal contempt. (*Id*).

4.  Because of the time of Wright's offenses and convictions, Wright was eligible for parole. Wright was granted parole by the USPC on October 12, 2001. (Res.Mem., Ex. F).

5.  On July 9, 2002, Wright was arrested in connection with the June 8, 2002 shooting of Wiley Edward Garrett. The dispute between Wright and Garrett appeared to be over a woman, Staci Spell. (Res.Mem., Ex. G and Pet., Ex. A-2).

6.  On July 25, 2002, the United States Probation Office ("USPO") notified the USPC of the alleged violation. (Res.Mem., Ex. G).

7.  The USPC declined to issue a warrant at that time, deciding "to allow the new local charge be resolved first, absent other information." (Res.Mem., Ex. H).

8.  On June 7, 2004, Wright was again arrested by local authorities for driving under the influence and driving while his license was suspended. (Res.Mem., Ex. I).

9.  On June 14, 2004, the USPO advised the USPC of Wright's new arrest and recommended that a warrant be issued. (*Id.*).

10. The USPC issued a parole violation warrant on June 12, 2004. (Res.Mem., Ex. J).

11.   Wright was arrested on the parole violation warrant on July 21, 2004. (Res.Mem., Ex. K).

12.   Supervising United States Probation Officer conducted a "Preliminary Interview" on July 27, 2004. (*Id.*). At the interview Wright signed two waiver of counsel forms which were non-specific and ostensibly waived his right to counsel for the Preliminary Interview and the later revocation hearing. (Res.Mem., Exs. K, L and M).

13.   A USPC hearing officer held the revocation hearing at a local jail on September 13, 2004.   Wright again waived counsel.   He denied the violations related to the 2002 shooting and the 2004 DUI and DUS.   Wright admitted to driving the vehicle on private property and consuming alcohol.   Garrett, the victim of the shooting, and the investigating officer testified about the 2002 incident.   The hearing officer found that Wright had violated the conditions of his parole on all charges and recommended parole revocation. (Res.Mem., Ex. N).

14.   On September 24, 2004, the USPC revoked Wright's parole and ordered that he serve 148 months giving him a presumptive re-parole of November 20, 2016. (Res.Mem., Ex. P).

15.   On January 26, 2005, Wright filed an appeal with the USPC National Appeals Board raising the following issues:

**Ground One:** U.S. Parole Commission Jacksonville, Florida's Field Officer, Vicki G. Padgett, falsified her July 27, 2004 "Summary Report" with slanted, inaccurate and incomplete case information creating violations of this appellant's limited due process rights.

**Ground Two:** By and through the negligence and failure of the U.S. Parole Commission Jacksonville Florida's Field Office in the performance of their delegated duties to properly supervise releasee Wiley E. Garrett...Parolee Wiley E. Garrett was

3

permitted to operate unrestrained in acts of harassing, threatening, assaulting, filing false statements and charges against persons such as, but not limited to, this herein named appellant.

**Ground Three:** Appellant, Jimmy F. Wright should have never been subjected to the false charges as listed in <u>Charge No. 1</u> brought against him by another releasee under the supervision of the U.S. Parole Commission, nor should have said charges ever been brought before the Commission.

(Res.Mem., Ex. Q).

16.    The appeal was denied on April 1, 2005. (Res.Mem., Ex. R).

17.    A "Statutory Interim" hearing was conducted on October 31, 2006.    Wright maintained that he had new information and witnesses pertaining to the 2002 shooting.  The hearing officer recommended no change in the presumptive re-parole date. (Res.Mem., Ex. S).

18.    On November 13, 2006, the USPC determined that no change in the presumptive parole date was warranted. (Res.Mem., Ex. T).

19.    On January 15, 2007, Wright appealed the USPC decision raising the following grounds:

**Ground One:** The Commission relied on erroneous information and the actual facts justify a different decision.

**Ground Two:** The Commission applied a statute or regulation incorrectly, i.e., 28 C.F.R. 2.19(c).

**Ground Three:** The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(Res.Mem., Ex. U).

20.    The appeal was denied on March 15, 2007. (Res.Mem., Ex. V).

21.    Another "Statutory Interim" hearing was held on October 29, 2008.  At this hearing,

Wright maintained that he had been denied the right to an attorney and prehearing disclosure in connection with his revocation hearing. The hearing officer recommended no change in the presumptive parole date. (Res.Mem., Ex. W).

22.    USPC concluded that no change in the presumptive parole date was warranted. (Res.Mem., Ex. X).

### Standard for Summary Judgment

Under Federal Rule of Civil Procedure 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.1991), *cert. denied*, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed-whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250; *see also* Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that

5

no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir.1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See* <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## Grounds for Relief

Wright lists the following three grounds for relief in an attachment to his petition:

**Ground One:**           <u>Actual Innocense</u> "**Plain Error**"

The Commission relied upon the "preponderance of the evidence" standard which as the attached exhibits show, the preponderance of the evidence actually weigh in favor of the movant and his not being prosecuted by the State of Florida all point to the same conclusion. The Parole Commission relies upon a statement made from the arresting officer who was not an officer present the night of the shooting, but was only the officer who was called by the victim after he followed Mr. Wright, who was driving Ms. Spell's automobile. This in the only altercation the movant had ever had with the victim, Mr. Eddy Garret.

**Ground Two:**           <u>Procedural Misconduct</u> **"Plain Error"**

The Commission violated 28 CFR § 2.48(a) [42 FR 39809, Aug. 5, 1977 as amended at 44 FR 3408, 3409 Jan 16, 1979; 46 FR 42842, Aug 25, 1981; 47 FR 25735, June 15, 1982] Inasmuch; paragraph (a) strictly prohibits the charging officer from holding the

preliminary hearing after requesting the actual warrant and violation commencement.

**Ground Three:**    <u>Misleading Information Concerning Legal Representation</u>

The U.S. Probation Officer lesd(sic) the petitioner to believe that the document he was signing was a waiver for the preliminary hearing only.

After listing these grounds, Wright discusses his claims in another attachment. The claims differ from those listed. Respondent construes Wright's claims as those stated above, plus a claim that his rights were violated because the USPC waited two years to issue a parole violation warrant after the 2002 assault.

## <u>Discussion</u>

The United States Supreme Court set forth minimal due process protections applicable to parole revocation in <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972). The revocation of parole is now governed by the Parole Commission and Reorganization Act, 18 U.S.C. § 4201, *et. seq.*, and the regulations promulgated thereunder, 28 C.F.R. § 2.1, *et. seq.*

**1. Issuance of Parole Violation Warrant**

Wright alleges that his right to due process was violated because the USPC waited two years to issue the parole violation warrant after the 2002 assault. As noted above the USPO recommended issuance of a parole violation warrant in 2002, but USPC decided, in its discretion, not to issue the warrant pending resolution of the local charges. Thereafter, the local charges were dismissed (*see* discussion below), and the parole violation warrant, including the 2002 assault allegations, was not issued until the alcohol related driving incidents occurred in 2004.

The timing of the issuance of the parole violation warrant is clearly within the discretion of

7

the USPC. *See* 28 C.F.R. § 2.44(b). It has been universally held that to obtain habeas relief, a petitioner must show that any delay in the issuance of the parole violation warrant was both unreasonable and prejudicial. <u>United States. v. Rice</u>, 671 F.2d 455, 458 (11th Cir. 1982); <u>Meador v. Knowles</u>, 990 F.2d 503, 506 (9th Cir. 1993); <u>Heath v. United States Parole Com'n</u>, 788 F.2d 85, 89 (2d Cir. 1986); <u>Sutherland v. McCall</u>, 709 F.2d 730, 732 (D.C. Cir. 1983); <u>Paul v. McFadin</u>, 117 F.3d 1428, *2 (10th Cir. 1997) (Table) and <u>Lester v. Sherman</u>, 2006 WL 2380680, *4 (W.D.Pa.).

Wright has not alleged or shown that the delay in the issuance of the parole violation warrant by the USPC was unreasonable or prejudicial. It was certainly reasonable and within its regulations for the USPC to delay the issuance of the parole violation warrant so that the state judicial process could take its course. Wright did not assert in 2004 that the delay was prejudicial in that it hindered his defense of the allegations. It was not until the Statutory Interim hearing in 2006 when Wright alleged that he had recently discovered three eye-witnesses to the incident. (Res.Mem., Ex. S).

**2. Actual Innocense**

Wright alleges that he is actually innocent of the 2002 assault. This assertion appears to be based on the fact that the State of Florida dropped the charges against him relating to the 2002 assault.

Parole may be revoked if the USPC finds by a preponderance of the evidence that the parolee has violated the conditions of his parole. 28 C.F.R. § 2.52. Parole may be revoked if the USPC determines that a violation occurred even though the criminal charges based on the alleged violation were previously dismissed. <u>Mullen v. United States Parole Com'n</u>, 756 F.2d 74, 75 (8th Cir. 1985); <u>Perry v. United States Parole Com'n</u>, 831 F.2d 811, 813 (8th Cir. 1987); and <u>Rivera v. United States of America</u>, 25 F.3d 1053, *5 (7th Cir. 1994) (Table).

8

The summary of the revocation hearing (Res.Mem., Ex. N) shows that Wright denied the allegation but acknowledged that the incident happened. However, the victim, Garrett, testified that he was shot in the foot by Wright in a dispute over Spell. Based on this testimony, the USPC found that Wright shot Garrett in 2002. Even though the criminal charges were dismissed, consideration of the conduct by the USPC was appropriate.

### 3. Preliminary Interview

Wright asserts that the USPC violated its policy because the probation officer who requested the violation warrant in 2004 also conducted his preliminary interview. If a violation of parole is alleged, the USPC may issue a summons or a warrant for the parolee to appear for a preliminary interview. 28 C.F.R. § 2.44. "The official designated to conduct the preliminary interview may be a U.S. Probation officer in the district where the prisoner is confined, provided he is not the officer who recommended that the warrant be issued." 28 C.F.R. § 2.48(a).

Wright was supervised by M.S. Bedna in 2002 and Crystal V. Di Leva in 2004. They authored the respective violation reports and requested the issuance of a parole violation warrant. In both instance, Vicki G. Padgett, Supervising United States Probation Officer, approved the request. (Res.Mem., Exs. G and I). Padgett conducted the preliminary interview (Res.Mem., Ex. K). There is nothing in the regulations to prohibit a supervising probation officer, who did not make the actual request for the parole violation warrant, from conducting the preliminary interview.

### 4. Waiver of Counsel

Wright asserts that he was denied his right to counsel at the revocation hearing. USPC policy recognizes the right of a parolee to counsel at the preliminary interview and the revocation hearing. 28 C.F.R. § 2.48(b). The record shows that Wright waived his right to counsel on the day of the

preliminary interview. (Res.Mem., Ex. K).  On August 3, 2004, the USPC requested "(a)nother CJA-22 form indicating if the subject wants to have counsel appointed for the local revocation hearing." (Res.Mem., Ex. L).  The USPO sent the USPC a copy of the second waiver form signed on July 27, 2004. (Res.Mem., Ex. M).  Close examination of the two forms shows slight variations, but neither specifically states the wavier is for the revocation hearing. (Res.Mem., Exs. K and M).  The form used by the hearing officer indicates that Wright was questioned at the revocation hearing about his waiver of right to counsel before the hearing started and again waived this right to counsel. (Res.Mem., Ex. O).

Wright did not raise the allegation that he was denied the right an attorney at the revocation in his appeal. (Res.Mem., Ex. Q).  It appears that Wright did not raise this issue until his Statutory Interim hearing held on October 29, 2008. (Res.Mem., Ex. W).  Based on this record, the undersigned concludes that Wright was advised of his right to counsel and waived that right.

Wright has made arguments in this case that appear to acknowledge that he waived his right to counsel.  He moved the court to subpoena certain records from the Social Security Administration that he argues would show that he has a mental illness and ,therefore, his waiver was not knowing and voluntary.  His motion was denied for lack of "good cause."  Wright has attached reports from a psychologist he saw while he was on parole to his <u>Roseboro</u> response.  These reports show that Wright had a drug problem and had difficulty adjusting to release since he had been imprisoned for fifteen years.  A notation from December 14, 2001, show that Wright missed a counseling session. The psychologist noted that Wright "may have self-terminated which is OK. He does not seem to be having much difficulty and the purpose of the sessions were his own choice."

**Conclusion**

Based on a review of the record and the above discussion, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

January 20, 2011

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).