UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JIMMY FLOYD WRIGHT, #06870-018, ) | C/A No. 3:10-430-JFA-JRM |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| MILDRED RIVERA, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The *pro se* petitioner, Jimmy Floyd Wright, is an inmate at the Federal Correctional Institution (FCI) at Estill, South Carolina, where he is serving a 37-year sentenced for bank robbery imposed in the middle district of Florida in 1987. Petitioner challenges the 2004 decision of the United States Parole Commission (USPC) revoking his parole.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that the court should grant the respondent's motion to dismiss or for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

The petitioner was advised of his right to submit specific objections to the Report and Recommendation which was filed on January 20, 2011. The petitioner filed timely objections which this court will address herein.

## PROCEDURAL HISTORY

Petitioner's 37-year sentence was imposed in 1987 in the Middle District of Florida. He was convicted of two 1986 bank robberies and criminal contempt. Because the offenses occurred prior to the effective date of the Sentencing Reform Act, Wright was sentenced under the old regime of indeterminent sentencing, whereby a trial court imposed a sentence which was then subject to modification by the USPC.

Petitioner was eligible for parole on his aggregate sentence on February 25, 1997. However, he did not apply for parole consideration until March 6, 2001. He was granted parole by the USPC on October 12, 2001. Less than a year later, on June 8, 2002, petitioner was arrested for battery and possession of a firearm in connection with the shooting of Wiley Garrett, allegedly over a dispute between Wright and Garret over a girlfriend. The USPC was notified of the alleged violation.

The USPC declined to issue a warrant at that time, deciding to allow the charges to go forward in state court first. While the USPC was waiting on the state judicial machinery to move forward, petitioner was again arrested in June 2004 by local authorities for driving under the influence (DUI) and driving while under suspension (DUS). This new arrest prompted the USPC to move forward and issue a parole violation warrant on June 14, 2004. Petitioner was arrested on the parole violation warrant, and during a "preliminary interview"

2

with a Supervising United States Probation Officer, petitioner signed two waiver of counsel forms which were non-specific and which ostensibly waived his right to counsel for the preliminary interview and the later revocation hearing.

The revocation hearing was conducted on September 13, 2004. Apparently, at the beginning of this hearing, petitioner again waived counsel. He denied the violations related to the 2002 shooting and the 2004 DUS and DUI charges. Garrett (the victim of the shooting) and the investigating officer testified about the 2002 incident. Upon this record, the hearing officer found that petitioner had violated the conditions of his parole, and recommended parole revocation. Petitioner's parole was revoked and he was ordered to serve 148 months with a presumptive re-parole of November 20, 2016.

Petitioner thereafter filed an appeal with the USPC National Appeals Board which was denied in April 2005. In October 2006, petitioner maintained that he had new information and witnesses pertaining to the 2002 shooting. As a result, petitioner was then accorded a statutory interim hearing which resulted in no change in the presumptive re-parole date. Wright again appealed this decision which was denied in March 2007.

Finally, another statutory interim hearing was held on October 29, 2008, wherein petitioner maintained that he had been denied the right to an attorney and prehearing disclosure at his revocation hearing. However, the USPC denied a change in the presumptive re-parole date.

3

DISCUSSION

*The Petitioner's Grounds for Relief*

Petitioner raises four grounds in this petition: (1) actual innocence; (2) procedural misconduct; (3) misleading information concerning legal representation, and (4) that petitioner's rights were violated because the USPC waited two years to issue a parole violation warrant after the alleged 2002 assault.

The United States Supreme Court set forth minimal due process protections applicable to parole revocation in *Morrissey v. Brewer*, 408 U.S. 471 (1972). The revocation of parole is now governed by the Parole Commission and Reorganization Act, 18 U.S.C. § 4201, *et seq.*, and the regulations promulgated thereunder, 28 C.F.R. § 2.1 *et seq*.

To the extent petitioner asks this court to re-weigh the information and substitute its fact finding judgment for that of the Parole Commissioner, this court may not do so. It may only review whether there is some evidence to support the Commissioner's decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

*Issuance of Parole Violation Warrant*

Petitioner contends that his rights to due process were violated because the USPC waited two years to issue the parole violation warrant after the 2002 assault. The USPC recommended that the warrant be issued in 2002, but in its discretion, decided not to issue the warrant pending resolution of the state charges. After the local charges were dismissed, the parole violation warrant was not issued until the petitioner was charged with DUI and DUS in 2004.

As the Magistrate Judge correctly indicates in the Report, the timing of the issuance of the parole violation warrant is clearly within the discretion of the USPC. *See* C.F.R. § 2.44(b). In order to obtain habeas relief, a petitioner must show that any delay in the issuance of a parole violation warrant must be unreasonable and prejudicial. *United States v. Rice,* 671 F.2d 455, 458 (11th Cir. 1982). Here, the petitioner has not alleged or shown that the delay in the issuance of the parole violation was unreasonable or prejudicial. Notably, petitioner did not assert at his 2004 hearing that the delay was prejudicial in that it hindered his defense of the allegations. It was not until his 2006 hearing that he alleged he discovered eye-witnesses to the incident.

*Actual Innocence*

Petitioner claims that he is actually innocent of the 2002 assault as a result of the State of Florida dropping the assault/shooting charges. The Magistrate Judge concludes, and this court agrees, that even though the criminal charges were dismissed, the USPC was within its discretion to revoke petitioner's parole after its determination that the violation occurred. *Mullen v. United States Parol Com'n*, 756 F.2d 74, 75 (8th Cir. 1985).

*Preliminary Interview*

As to the petitioner's assertion that it was a violation for his supervising probation officer to request the violation warrant and conduct the preliminary interview, his claim fails. The Magistrate Judge notes that under C.F.R. § 2.48(a), the preliminary interviewer may not be the officer who recommended the warrant be issued. Here, however, petitioner was supervised by two other officers (M.S. Bedna in 2002 and Crystal V. DiLeva in 2004) who

5

authored the respective violation reports and requested issuance of the parole violation warrant. The Supervising USPO, Vicki G. Padgett, approved the request, but she did not request or author it. Therefore, Padgett's conduction of the preliminary interview was not in violation of policy.

*Waiver of Counsel*

Petitioner claims that he was denied his right to counsel at the revocation hearing in 2004. Petitioner has a right to counsel at the preliminary interview and the revocation hearing. 28 C.F.R. § 2.48(b). As the respondent shows in the record, petitioner waived his right to counsel on the day of the preliminary hearing. He also appears to have signed a waiver for the revocation hearing and orally waived his right to counsel before the hearing began.

The petitioner did not raise the allegation that he was denied his right to an attorney at the 2004 revocation hearing when he made his appeal. This issue was not raised until his October 2008 statutory interim hearing. The Magistrate Judge concludes that based on this record, petitioner was advised of his right to counsel and waived that right.

Petitioners arguments now contend that he has a mental illness and that his waiver of attorney was not knowing and voluntary. While he has submitted reports from a psychologist that reveal a drug problem and difficulty adjusting to release, the reports are not conclusive that he was under a mental illness at the preliminary interview or revocation hearings.

*Petitioner's Objections to the Report*

In his objection memorandum, petitioner "beseeches this honorable court" to deny the

6

motion to dismiss and appoint him counsel. He contends there are genuine issues of material fact, precluding summary judgment.

As noted previously, petitioner challenges the procedures employed by the probation officers who handled his parole revocation proceedings and suggests that the proceedings were decided wrongfully because there was not a sufficient showing that he committed the offenses charged so as to justify a revocation of his parole. Finally, and most importantly, Wright contends that he did not, in fact, waive his right to an attorney at the revocation because he is mentally incompetent. Repeatedly in his objection memorandum, Wright contends that when he waived his right to an attorney, he was "not competent to make any intelligent decisions . . . because of his mental capacity."

On this record, the court is constrained to agree with the Magistrate Judge that the petition lacks merit. Petitioner's objection memorandum consists of little more than a reassertion of the grounds for the petition with no meaningful discussion of the substantive basis on which the Magistrate Judge recommended dismissal. The court will, for these reasons, affirm the Magistrate Judge and dismiss the petition.

The court does observe, however, that the government has conceded that the petitioner is entitled to a "statutory interim hearing" under 18 U.S.C. § 4208(h) every two years and the Report and suggests that the last such hearing was held in 2008. It is not clear whether the petitioner has had the benefit of third statutory interim review. For this reason, the court will appoint the Federal Public Defender of the District of South Carolina to represent petitioner in any upcoming statutory interim proceedings. The Public Defender is authorized to meet

7

with the petitioner to determine if a psychological evaluation of petitioner would be helpful and also to represent him at any upcoming hearings regarding his parole status. The clerk shall forward a copy of this order to Parks Small, the Federal Public Defender for the District of South Carolina.

## CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, respondent's motion for summary judgment is granted and the habeas petition is denied. The Public Defender for the District of South Carolina is hereby appointed to represent the petitioner at his next, future parole hearing.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." For this reason, and for those stated herein, the petitioner's motion for

a certificate of appealability is denied.[3]

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

March 16, 2011                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.